# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MADELEINE YATES, on behalf of herself and other persons similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CHECKERS DRIVE-IN RESTAURANTS, INC. and VIBES MEDIA, LLC<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Madeleine Yates brings this class action complaint and demand for jury trial against Defendants Checkers Drive-in Restaurants, Inc. and Vibes Media, LLC (collectively "Defendants") to stop their practice of making unauthorized and unwanted text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant Checkers Drive-in Restaurants, Inc. is the company behind the popular, nationwide fast-food restaurant chains "Checkers" and "Rally's."

2. Defendant Vibes Media, LLC is a mobile marketing company that helps marketers reach customers through their mobile devices.

3. In order to solicit consumers, Defendants send unauthorized automated text message advertisements to thousands of consumers' cellular telephones nationwide.

4. Defendants take steps necessary to physically place such text message calls using an automated telephone dialing system and/or are so involved in placing the texts as to be deemed to have initiated them.

5. Defendants do not obtain the required consent from such consumers to make such text message calls and, therefore repeatedly violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6. Defendants also violate the TCPA by failing to provide in every text message advertisement sent an automated mechanism to opt out of receiving such messages.

7. The TCPA was enacted to protect consumers from unauthorized calls, exactly like those alleged in this case. Defendants make these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provide Defendants with their prior express written consent to receive such text messages.

8. As a result, Plaintiff, on behalf of herself and the putative Class, seeks an injunction requiring Defendants to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff is a natural person and citizen of the State of Louisiana.

10. Defendant Checkers Drive-in Restaurants, Inc. is a Florida-based for-profit corporation that does business under the registered trade names "Checkers" and "Rally's."

11. Defendant Vibes Media, LLC is a Chicago-based for-profit corporation.

12. Defendants conduct business in Illinois and throughout the United States.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District. Defendant Vibes Media, LLC is also incorporated and has its principal office in this District.

## COMMON FACTUAL ALLEGATIONS

15. Defendant Checkers Drive-in Restaurants Inc. contracts with Defendant Vibes Media, LLC to send advertisements to consumers through a nationwide text messaging campaign.

16. Defendants offer coupons to consumers that can be obtained by texting keywords such as "BURGER" or "BUFORD" to a short code messaging number ("SMS number").

17. None of the offers forewarn consumers that by texting such keywords to an SMS number that they will also be subject to advertising or telemarketing messages issued via automatic telephone dialing systems ("ATDS").

18. Class Members (defined below) manifest nothing more than their interest in receiving a single coupon when they text a keyword to the SMS number provided by Defendants.

3

19. Defendants do not obtain recipients' prior express written consent from Class Members prior to sending these advertising and/or telemarketing messages.

20. Defendants also violated the TCPA by failing to disclose to Class Members in every text message how to discontinue further text messages.

### EXPERIENCE OF PLAINTIFF MADELEINE YATES

21. In early 2017, Plaintiff texted "BURGER" to SMS short code telephone number 88001 in an attempt to obtain a coupon for a free "Big Buford" cheeseburger. In response, Defendants sent Plaintiff a text message advertisement for "other deals" to Plaintiff's cellular phone number. Defendants then proceeded to send multiple auto-dialed text message advertisements to Plaintiff's phone.

22. The nature of the text messages sent by Defendants indicates that it used an ATDS. Specifically, the hardware and software used by Defendants have the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers en masse in an automated fashion without human intervention. Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

23. Defendants created and/or controlled the content of the call, initiated the call, took steps necessary to physically place the call and/or were so involved in placing the call at issue that they could be considered to have initiated it.

24. The advertisements sent by Defendants to Plaintiff via auto-dialed text messages were not sent pursuant a written agreement that included a clear and conspicuous authorization for Defendants to deliver advertising messages via autodialed calls or robocalls/robotexts.

25. Plaintiff only consented to receive one text message consisting solely of the "Big Buford" coupon that Defendants had offered her.

26. Plaintiff did not consent to receive text message advertising calls for "other deals" from Defendant.

27. Defendants' text messages constituted advertising because they unambiguously encouraged the purchase of fast food products and services.

28. The text messages were written in an impersonal manner.

29. The text messages were not addressed to Plaintiff by name.

30. In many of the text messages received by Plaintiff, Defendants failed to provide an automated opt-out mechanism to allow Plaintiff to stop receiving text message advertising calls.

31. The text message advertising calls alleged herein were exclusively made by Defendants. Defendants made, or had made on their behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

32. Through their conduct, Defendants caused Class Members actual harm by sending unauthorized text message calls at issue. Plaintiff and members of the Class were not only subjected to the aggravation that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages. Additionally, Class Members were harmed by

5

the inconvenience and confusion attendant to receiving ATDS calls that are not accompanied by opt-out directions.

33. Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendants' unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

34. Defendants' intrusive text messages adversely affected Plaintiff's right to privacy.

35. Defendants were and are aware that the above-described text message calls were being sent on a widespread basis, and that the text message calls were being sent to consumers who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

36. **Class Definition:** Plaintiff Madeleine Yates brings this action on behalf of herself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendants, or someone on Defendants' behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice in connection with Defendants' marketing promotions.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Upon information and belief, Defendants send text message advertisements to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendants' records.

38. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendants' conduct violated the TCPA;

    (b)    Whether Defendants sent text messages to Class Members using an ATDS, as contemplated by the TCPA;

      (c)      Whether Defendants systematically sent text message advertising calls to Class Members who did not previously provide it with prior express written consent to receive such text message calls;

      (d)      Whether Defendants sent text message advertising calls to Class Members where those messages did not include opt-out instructions;

      (e)      Whether Plaintiff and Class Members are entitled to treble damages based on the willfulness of Defendants' conduct.

39. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text message calls.

40. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendants' conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole,

8

thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

42. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
**(Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. In an effort to solicit consumers, Defendants sent unauthorized and unwanted text message advertising calls to Plaintiff and the Class's cellular telephones without their prior express written consent.

45. Defendants sent the text message advertisements to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers

to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse.*

46. Defendants utilized equipment that sent the text message advertisements to Plaintiff and other members of the putative Class simultaneously and without human intervention.

47. Defendants took steps to physically place such text message calls and/or was so involved in placing the calls as to be deemed to have initiated them.

48. By sending the text message advertisements to Plaintiffs and members of the Class's cellular telephones without prior express written consent and by utilizing an ATDS, Defendants violated 47 U.S.C. § 227(b)(I)(A)(iii).

49. By failing to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for Plaintiff and Class to make a do-not-call request, Defendants also violated 47 U.S.C. § 64.1200(b)(3).

50. As a result of Defendants' unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

51. Because Defendants' misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

52. Additionally, as a result of Defendants unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendants' violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Madeleine Yates, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Madeleine Yates as Class Representative and her attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendants willfully violated the TCPA;

(c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

(d) A declaratory judgment that the telephone calling equipment utilized by Defendants constitutes an automated telephone dialing system under the TCPA;

(e) An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendants to cease all unsolicited text message activities, and otherwise protecting the interests of the Classes;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendants to pay the costs and expenses of class notice and claims administration; and

(h) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

>Respectfully submitted:
>
>*/s/ William H. Beaumont*
>_____
>
>Roberto Luis Costales
>William H. Beaumont
>BEAUMONT COSTALES LLC
>3151 W. 26th Street, Second Floor
>Chicago, Illinois 60623
>Telephone: (773) 831-8000
>Attorneys for Plaintiff