UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELEINE YATES, on behalf of herself and other persons similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 17-cv-9219<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| CHECKERS DRIVE-IN RESTAURANTS, INC. and VIBES MEDIA, LLC, | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Madeleine Yates, brings this action against Checkers Drive-In Restaurants, Inc. and Vibes Media, LLC, alleging that the defendants violated the Telephone Consumer Protection Act by repeatedly sending her commercial advertisements via text message. The defendants now move to dismiss Yates' complaint for failure to state a claim or, alternatively, for lack of standing. For the reasons set forth herein, the defendants' motions are denied, but the plaintiff is ordered to provide a more definite statement of her claims.

**Background**

The following allegations are from the plaintiff's complaint and are taken as true for the purpose of the present motion. Yates texted "Burger" to 88001 in an attempt to obtain a coupon for a free "Big Buford" cheeseburger. The complaint does not indicate specifically why Yates believed that such a text would get her such a coupon or what terms she believed would govern such an arrangement, although it does generally allege that Checkers ran promotions in which

1

patrons could text certain messages to that telephone number in order to obtain promotional discounts.

Yates subsequently received a text message reading something along the lines of "REPLY with Y to get your free [promoted product] coupon & other deals from Checkers/Rally's at this #. No purchase necessary to join." Yates does not disclose how she replied to this message, but instead asserts that she subsequently received more than ten auto-dialed text message advertisements, and that only one of those messages included instructions on how to opt out of receiving future messages.

**Legal Standard**

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a federal district court has subject-matter jurisdiction over the action before it. Fed. R. Civ. P. 12(b)(1); *see, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

The defendants contend that Yates has failed to state a claim on which relief may be granted. As an initial matter, the Court notes that Checkers has attached two exhibits to its memorandum in support of its motion to dismiss. The first exhibit appears to be an advertisement, of unknown origin, reading "*TEXT BUFORD TO 88001 TO GET A FREE BIG BUFORD WITH ANY PURCHASE." The advertisement contains fine print at the bottom, which is subsequently blown up on the next page of the exhibit. The second exhibit appears to be a text message chain between 88001 and an unknown cellphone in which the unknown cellphone owner receives a text reading "REPLY with Y to get your FREE Big Buford coupon & other deals from Checkers/Rally's at this #. No purchase necessary to join." The unknown cellphone holder replies with "Y", and then receives a message reading "You're a BOSS! You scored a FREE big Buford from Checkers/Rally's. Tap to view & redeem your offer: http://vbs.cm/P2AO18. Txt STOP2stop." The defendants assert that the first exhibit is the ad that Yates responded to and that the second exhibit is representative of the text message chain with Yates. There is nothing before this Court, however, to establish that is the case or to confirm the accuracy and relevance of these exhibits. The Court accordingly declines to give them any consideration. *Franklin v. Depaul Univ.*, No. 16 C 8612, 2017 WL 3219253, at *5 (July 28, 2017) (Lee, J.).

The defendants contend that Yates has failed to allege the basic elements necessary to state a claim for violation of the TCPA. The defendants assert that Yates must allege, among other things, the phone number at issue, the number of text messages received, and the date and content of those messages. The Court does not believe that quite this level of detail is necessary, although it does agree that Yates' specific factual allegations are minimal. *See Hanley v. Green Tree Servicing, LLC,* 934 F. Supp. 2d 977, 982–83 (N.D. Ill. 2013) (Castillo, J.) (recognizing that a TCPA plaintiff must allege that the number called was a cellular telephone, but not requiring that a plaintiff allege the specific

number at issue). Here, Yates has alleged at least one communication—the initial text message from the defendants—with specificity as to its content. Yates, moreover, has asserted that she subsequently received more than ten auto-dialed text messages that were written in an impersonal manner and were not addressed to her by name. Although the latter allegations might themselves be inadequate, Yates' specificity as to the first message received provides sufficient detail for her complaint to scrape past the pleading requirements, given that the allegations fail to establish that Yates provided consent to receive that specific message or any subsequent messages.[1] Nevertheless, the Court believes that greater specificity would be beneficial with respect to the subsequent text messages that Yates received. Accordingly, the Court orders that Yates amend her complaint to provide a more definite statement as to the approximate date, time, and content of each text message that she contends violated the TCPA. *See In re S.M. Acquisition Co.*, No. 05 C 7076, 2006 WL 2290990, at *3 (N.D. Ill. Aug. 7, 2006) (Aspen, J.) (recognizing that judges have the discretion to order parties to provide more definite statements sua sponte).

      Beyond their arguments regarding the adequacy of the pleadings, the defendants also contend that the plaintiffs' claims fail as a matter of law because the allegations make clear that Yates provided prior express written consent to receive the texts in issue. The allegations in the complaint, however, do not suggest that Yates ever consented to receive text messages from Checkers. Instead, it is the defendants own exhibits, which, as previously discussed, this Court does not consider, that suggest that this may have been the case. The allegations do not clearly indicate why Yates believed that texting "BRGER" to 88001 would have the effect of providing her a coupon for a free Big Buford cheeseburger, but there is nothing before this Court to suggest that Yates did so based on a particular advertisement or that by doing so Yates was agreeing to any

---

[1] The Court notes that the defendants' assertion that Yates has not adequately alleged her claims is squarely at odds with the defendants' submission of the purported advertisement at issue and a representative text message chain, both of which suggest that the defendants had ample notice of the substance of Yates' claims.

particular terms or conditions. The allegations similarly fail to indicate that, upon receiving a text message inviting Yates to reply with "Y" to get a free Big Burford coupon and other deals, Yates actually texted "Y" and gave consent to receive future messages. The defendants' affirmative defense is therefore not ripe for resolution at this stage of the case. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Finally, the defendants' contend that Yates lacks Article III standing to pursue this case in light of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1543, 194 L.Ed.2d 635 (2016). In *Spokeo*, the Supreme Court ruled that a plaintiff must allege a "concrete" or "real" injury to establish standing and that the mere assertion of statutory damages did not suffice. *Id. Spokeo*, however, does not deprive the Court of Article III standing because violation of the TCPA causes the concrete, de facto injuries that the plaintiff has alleged in the complaint. *Aranda v. Caribbean Cruise Line, Inc.*, 202 F. Supp. 3d 850, 854–57 (N.D. Ill. 2016) (Kennelly, J.). The defendants also assert that Yates cannot establish injury because she requested the text messages in question. As previously set forth, the defendants cannot establish the truth of this proposition at this juncture in light of the allegations before this Court.

**Conclusion**

For the foregoing reasons, the defendants' motions to dismiss [24, 29] are denied. The plaintiff is ordered to provide a more definite statement alleging the approximate date, time, and content of each text message that is the subject of this case.

IT IS SO ORDERED.

Date: 6/25/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

5