**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELEINE YATES, on behalf of herself and other persons similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 17 CV 09219 ) |
| -vs- | ) Chicago, Illinois ) January 16, 2020 |
| CHECKERS DRIVE-IN RESTAURANTS, INC., et al., | ) 9:46 a.m. ) ) |
| Defendants. | ) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SUNIL R. HARJANI, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:   MR. ROBERTO LUIS COSTALES
                      Beaumont Costales
                      107 West Van Buren
                      Suite 209
                      Chicago, IL  60605
                      (773) 831-8000
                      E-mail: Rlc@beaumontcostales.com

For the Defendant
Checkers:             MS. ABIGAIL MARIE LYLE (Telephonic)
                      Hunton Andrews Kurth LLP
                      1445 Ross Avenue
                      Suite 3700
                      Dallas, TX 75202
                      (214) 979-8219
                      E-mail: Alyle@huntonAK.com

**PLEASE NOTIFY OF INCORRECT SPEAKER IDENTIFICATION**
NOTE:  FAILURE TO STAND NEAR THE MICROPHONE MAKES
PORTIONS UNINTELLIGIBLE AND INAUDIBLE

```
 1  APPEARANCES:  (Continued)

 2  For Defendant Vibes
    Media:                    MR. KARL E. ANALO
 3                            Horwood Marcus & Berk Chartered
                              500 West Madison Street
 4                            Suite 3700
                              Chicago, IL  60661
 5                            (312) 606-3200
                              E-mail: Kanalo@hmblaw.com
 6
                              MS. AMY ELIZABETH RICHARDSON
 7                            (Telephonic)
                              Harris, Wiltshire & Grannis LLP
 8                            1919 M Street NW
                              8th Floor
 9                            Washington, DC 20009
                              (202) 730-1329
10                            E-mail: Arichardson@hwglaw.com

11

12

13

14

15

16

17

18  Transcriber:

19           KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                        Official Court Reporter
20                   United States District Court
              219 South Dearborn Street, Suite 1426
21                    Chicago, Illinois  60604
                     Telephone:  (312) 435-5569
22                Kathleen_Fennell@ilnd.uscourts.gov

23

24

25
```

1     (Proceedings heard in open court:)
2         THE CLERK:  Case 17 Civil 9219, Yates versus Checkers
3  Drive-in.
4         MR. COSTALES:  Good morning, Your Honor.  Roberto
5  Costales for the plaintiff and the putative class.
6         Hi.
7         THE COURT:  Good morning.
8         MR. ANALO:  Good morning.  Karl Analo for Vibes
9  Media.
10        THE COURT:  Okay.  Sorry, for who?
11        MR. ANALO:  Vibes Media.
12        THE COURT:  Vibes Media, okay.
13        On the phone?
14        MS. LYLE:  You have Abigail Lisle for Checkers.
15        THE COURT:  Okay.  Very good.
16        MS. RICHARDSON:  And you have Amy Richardson also for
17 Vibes Media.
18        UNIDENTIFIED SPEAKER:  (Unintelligible.)
19        THE COURT:  Okay.  Very good.  Is this everyone?
20        I have received the plaintiffs' unopposed motion for
21 preliminary approval of class action settlement.  I have
22 reviewed the briefing.  I've also reviewed all of the
23 exhibits.
24        Is there anything to add before I make a ruling on
25 this matter?

1    MR. COSTALES: There is, Your Honor. One small
2 typographical error in Docket No. 125-5, the proposed
3 preliminary approval order. We had proposed 44 days prior to
4 the final approval hearing for plaintiffs to submit motion for
5 attorneys' fees and incentive award.
6    That's actually a typographical error. In the
7 settlement agreement, the parties had agreed that it would be
8 14 days prior to the final approval order.
9    THE COURT: Okay.
10    MR. COSTALES: So that would be the only addition
11 that we would have.
12    THE COURT: Okay. It's just for the attorney fees
13 line.
14    MR. COSTALES: And the incentive.
15    THE COURT: And the incentive.
16    MR. COSTALES: Yeah. Instead of 44 days, it should
17 be 14.
18    THE COURT: Okay.
19    MR. COSTALES: I think the defendants would agree
20 with that.
21    THE COURT: Okay.
22    Okay. The other one thing I want to add to this
23 before I give you my reasoning is I'd like a status hearing
24 before the final approval hearing. I'd just like to know what
25 you've seen in terms of any objections, what we expect at the

1  final approval hearing just to get a heads up.
2  　　　　MR. COSTALES:  Right.
3  　　　　THE COURT:  So if you could add in, this is going to
4  be Page 10 of the proposed order, a status hearing let's say
5  seven days prior to the final fairness hearing.
6  　　　　And then once you get the final approval hearing, you
7  can back up these dates accordingly and put them in the order,
8  but I'll note in the minute entry seven days prior to the
9  final fairness hearing, we will have a status.
10 　　　　MR. COSTALES:  Okay.
11 　　　　THE COURT:  Okay?  And so we'll work on those dates
12 in a moment.
13 　　　　Okay.  Anything else to add?
14 　　　　MR. COSTALES:  Not from plaintiff, Your Honor.
15 　　　　THE COURT:  Okay.  Defendants?
16 　　　　UNIDENTIFIED SPEAKER:  [Inaudible].
17 　　　　THE COURT:  Okay.  So the Court has reviewed this
18 matter with respect to the preliminary approval of the class
19 action settlement and for the record, the Court will address
20 its reasoning.
21 　　　　In summary, the Court grants plaintiffs' unopposed
22 motion for preliminary approval of class action settlement.
23 The Court has reviewed the briefing along with the exhibits
24 provided by the parties.
25 　　　　The Court notes that in a preliminary prenotification

evaluation of a proposed settlement, the Court is required to determine whether or not the proposed settlement is within the range of possible approval. This is not a final fairness hearing. This is an initial evaluation of the fairness of the proposed settlement based upon the submission of the parties, and the Court's process at this time is to determine whether or not the settlement is within approval range using a summary version, the same inquiry that takes place eventually at the final fairness hearing.

And those factors include the strength of the plaintiffs' case compared to the amount of settlement offer, the assessment of the likely complexity of a trial, the length and expense of litigation, the amount of opposition to settlement among the parties, the opinion of competent counsel, and the stage of proceedings and the amount of discovery completed at the time of settlement.

In evaluating these factors, the Court has first taken a look at the proposed settlement and has determined that the settlement is a fair compromise given the risks associated with proceeding with this litigation. The Court is mindful that some of the theories in this case have been untested and are somewhat novel, along with the fact that the defenses posed by the defendants are recognizable and certainly fair and have a possibility of success. And these realities of litigation are taken into account in the Court's

1  analysis at a preliminary approval stage.
2       The Court also notes that the matter has yet to reach
3  summary judgment or class certification and that there will be
4  complexities and expenses associated with those matters, and
5  that also is taken into account in determining that the
6  settlement is an appropriate -- within the appropriate range
7  of settlements in this case, given the risk associated to both
8  sides and the risks that the plaintiff, if unsuccessful on
9  many of these issues that I've identified, could receive
10 nothing eventually if they were to be on the losing side.
11      The Court is mindful that if this matter even reached
12 trial, the evidence and witnesses would be significant and
13 would be from across the country and would also weigh heavily
14 in terms of expenses.
15      Furthermore, the Court finds that the proposed
16 agreement at this preliminary stage is in the best interests
17 of settlement class members because it provides for a
18 meaningful immediate benefit versus waiting for some period of
19 time, a significant period of time, for litigation, appeals to
20 conclude, along with the significant time it would take to
21 resolve motions for summary judgment and class certification
22 along with the resources that would be used to -- to litigate
23 those matters.
24      The settlement follows an extensive period of
25 discovery, sometimes very aggressive discovery by both counsel

1  who are working aggressively for their clients, and the Court
2  is mindful that further litigation would be just as zealous
3  and involve a fair amount of processes.
4      And so the fact that the amount of time it would take
5  combined with the fact that the settlement is not happening at
6  the very beginning of the case but after significant discovery
7  and both parties being fully informed of the issues that are
8  out there, that the settlement is happening at the right time.
9      And, finally, the Court finds that because the
10 settlement occurred during the course of a settlement
11 conference with this Court, the Court is aware and fully
12 recognizes that this was the result of a full arm's length
13 negotiation between the parties mediated by this Court and was
14 done so not in any kind of collusion setting but in an optimal
15 place where full negotiation could only happen through fair
16 arm's length settlement conference because it was monitored by
17 this Court at all times.
18     And so for those reasons, the Court finds that the
19 settlement is within the range of appropriate possibilities,
20 and I will preliminarily approve the settlement.
21     The settlement also -- or the plaintiff asks
22 unopposed for certification for purposes of settlement under
23 Rule 23, and the Court also grants that matter at this time
24 for the various reasons.
25     First with respect to the 23(a) factors, there's no

1  question that this case meets the numerosity requirement,
2  there are approximately 1.9 telephone numbers that were texted
3  associated with the underlying claims, and that's more than
4  enough to meet the numerosity.
5       The commonality and typicality also met because they
6  all received the same texts.  It was standardized conduct, and
7  the law that applies to each of those putative plaintiffs is
8  the same.  It is typical of each one of them and of the class
9  representatives because they have the same essential
10 characteristics and the same course of conduct happened to
11 each of them.
12      And finally under 23(a), the class representatives
13 can fairly and adequately protect the interests of the class.
14 They have the same issues as the rest of the putative class
15 members, and they've also been represented by experienced
16 competent counsel on the plaintiffs' side who the Court has
17 personally had contact with through the course of this
18 discovery and through the settlement conference.
19      And with respect to 23(b)(3) for the same reasons,
20 the Court also finds that there are common questions that
21 predominate the settlement class.  Again, this is resulting
22 from the issue of a series of text messages that were
23 identical to each putative plaintiff and, therefore, involves
24 both the same course of conduct and the same underlying common
25 questions of law that apply to each of the class members.

1     On top of that, the Court also finds that the class
2  action for the same reasons in the most efficient way of
3  adjudicating the putative class members' claims, it will
4  promote judicial efficiency, it will minimize the amount of
5  resources, given that the uniform facts and the same
6  application of law including the same federal statute applies
7  to all putative class members, and so for those reasons the
8  Court also finds that class certification is appropriate under
9  Federal Rule of Civil Procedure 23.
10     Okay. Anything else you'd like me to add or address?
11     MR. COSTALES: I think that about covers it, Your
12  Honor.
13     THE COURT: Okay. Very good. So I know I'll give
14  you some dates, and then you're going to provide me an amended
15  order so that we can issue that along with the changes you've
16  mentioned.
17     So let's move backwards first. Do you have a
18  proposed date for the final approval hearing?
19     MR. COSTALES: Plaintiffs do not have one in mind,
20  Your Honor. We just have -- we didn't know if the preliminary
21  approval would be granted today or not.
22     I think that we need the 40 days for the notice
23  period to finish. So 40 days from today. And then 90 days
24  from that date. So the soonest it could be would be 120 days
25  from today.

| | |
|---|---|
| 1 | THE COURT: Okay. About six months. |
| 2 | MR. COSTALES: 130 days from today. |
| 3 | THE COURT: Ballpark six months? |
| 4 | MR. COSTALES: Yeah. |
| 5 | THE COURT: Okay. So that would take us until, let's |
| 6 | say, about July or so? |
| 7 | MR. COSTALES: Yeah. |
| 8 | THE COURT: Okay. Why don't we do it -- I'm going to |
| 9 | give you a little bit more breathing room, so let's do it in |
| 10 | August. Can we do late August? |
| 11 | THE CLERK: August 26th. |
| 12 | MR. COSTALES: Okay. |
| 13 | THE COURT: Is that good for everybody? |
| 14 | MR. ANALO: I believe so, Your Honor. |
| 15 | MR. COSTALES: Yes, sir. |
| 16 | THE COURT: August 26th, let's do that at 9:30. |
| 17 | Actually, you know what? Let's do it at 10:00. |
| 18 | Okay. 10:00 a.m. on August 26th. All right, and so |
| 19 | then let's have a status a week before that at 9:15. |
| 20 | THE CLERK: August 19th at 9:15. |
| 21 | MR. COSTALES: Okay. |
| 22 | THE COURT: Okay. And then all your other dates you |
| 23 | can plug in accordingly to the proposed order, okay? |
| 24 | MR. COSTALES: All right. |
| 25 | THE COURT: Okay. Any other dates? |

1    MR. COSTALES:  I don't think for us to come in, no,
2 Your Honor.
3    THE COURT:  Okay.  Very good.
4    Give me a second here to make sure.
5    So the -- file the final proposed order by the date
6 of the status, too.
7    MR. COSTALES:  Okay.
8    THE COURT:  Do you have a date in here, or do I need
9 to give you a date?
10    I think you'll do it with your brief.
11    MR. COSTALES:  Yeah, I think so.  We have I think
12 it's 14 days prior to.
13    THE COURT:  Okay.
14    MR. COSTALES:  Something like that.
15    THE COURT:  All right.  So I'll be done with the
16 brief.  I'll have the brief.  I'll look at it, and then I'll
17 have you in for a status a week before.  If I have any
18 questions, I'll raise it at that time, and then we'll have the
19 final approval hearing after that.
20    MR. COSTALES:  Yeah.  So I see it here.  It's 14 days
21 prior to the final approval, we'll have our brief in support
22 of it in.
23    THE COURT:  Okay.  Very good.
24    Okay.  Thank you very much.
25    MR. COSTALES:  Thank you again, Your Honor, for your

1  help.
2      THE COURT:  Okay.  Thank you.  Take care.
3      MS. LYLE:  Thank you, Your Honor.
4    (Which were all the proceedings heard.)
5                      CERTIFICATE
6    I certify that the foregoing is a correct transcript from
7  the digital recording of proceedings in the above-entitled
8  matter to the best of my ability, given the limitations of
9  using a digital-recording system.
10
11 */s/Kathleen M. Fennell*          *February 14, 2020*
12 _____        _____
   Kathleen M. Fennell                     Date
13 Official Court Reporter
14
15
16
17
18
19
20
21
22
23
24
25