# Exhibit 1

DocuSign Envelope ID: 98F0695B-877D-40F2-9AF2-525F851A1024

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MADELEINE YATES, on behalf of herself and other persons similarly situated, ) ) ) | |
| *Plaintiff,* ) ) | |
| *v.* ) ) | Civil Action No. 1:17-cv-09219 |
| CHECKERS DRIVE-IN RESTAURANTS, INC. and VIBES MEDIA, LLC, ) ) ) | |
| *Defendants.* ) ) | |

## CLASS ACTION SETTLEMENT AND RELEASE

It is hereby stipulated and agreed to by and between the undersigned Parties, subject to the approval of the Court, that the settlement of this Action shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement.

## ARTICLE I - RECITALS

**A.** **WHEREAS**, on or about December 21, 2017, Plaintiff Madeleine Yates ("Plaintiff," "Named Plaintiff," or "Yates") filed an action entitled *Madeleine Yates v. Checkers Drive-In Restaurants, Inc. and Vibes Media, LLC*, in the United States District Court for the Northern District of Illinois (the "Action").

**B.** **WHEREAS**, the Action alleges, on behalf of Plaintiff and a nationwide class, that Defendants Checkers Drive-In Restaurants, Inc. ("Checkers") and Vibes Media, LLC ("Vibes") violated the federal Telephone Consumer Protection Act (the "TCPA") by sending texts through an automated telephone dialing system ("ATDS") to cellular telephones without prior express written consent of the called party. Specifically, Plaintiff alleges that she texted the keyword

1

BUFORD to Defendants in order to receive a coupon for Checkers food, but that the response message she received from Defendants did not contain a coupon.

      **C.**     **WHEREAS**, Defendants vigorously deny all claims asserted against them in the Action, deny all allegations of wrongdoing and liability, and deny all material allegations of the Complaint.

      **D.**     **WHEREAS**, counsel for the Parties have investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, have studied the legal principles applicable to the claims and defenses asserted in the Action, and conducted a thorough assessment of the strengths and weaknesses of their respective cases.

      **E.**     **WHEREAS**, counsel for the Parties have engaged in extensive arm's-length negotiations concerning the settlement of the claims asserted in the Action and a settlement conference before the Honorable Sunil R. Harjani, United States Magistrate Judge for the Northern District of Illinois.

      **F.**     **WHEREAS**, Defendants, without admitting any liability, fault or wrongdoing, desire to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, for themselves and their customers, and for the purpose of putting to rest the controversies engendered by the litigation.

      **G.**     **WHEREAS**, Yates and her counsel, on behalf of the Settlement Class, have concluded, based upon their investigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs associated with further prosecution of the Action, the uncertainties of complex litigation, the

DocuSign Envelope ID: 98F0696D-877D-49F2-94F3-525F951A024

desired outcome from continued litigation and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendants on the terms set forth herein is fair and reasonable and in the best interest of the Named Plaintiff and the Settlement Class.

    **H.**    **WHEREAS**, Yates and her counsel, on behalf of the Settlement Class, have agreed to settle the Action with Defendants on the terms set forth herein pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, or any other issue raised in the Action.

    **I.**    **WHEREAS**, the Settlement contemplated by this Agreement is expressly conditioned upon and subject to preliminary and final approval by the Court, as set forth herein. Absent such approvals, this agreement shall be null, void, and of no further force or effect and the parties shall be returned to their *status quo ante* as set forth at Article IV, section 9. Effective upon such approvals, this Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the claims of the Settlement Class, upon and subject to the terms and conditions hereof.

    **J.**    **WHEREAS**, Defendants have agreed to settle the Action with Plaintiff on the terms set forth herein pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, or any other issue raised in the Action.

    **NOW, THEREFORE**, it is hereby stipulated and agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to the

DocuSign Envelope ID: 98F0505B-827D-40F2-94F3-525F951A024

approval of the Court, the Action shall be fully and finally settled and dismissed with prejudice under the following terms and conditions.

## ARTICLE II – DEFINITIONS

Unless defined elsewhere in this Settlement Agreement, as used in this Settlement Agreement and the related documents attached hereto as exhibits, the terms set forth below shall have the meanings set forth below. The singular includes the plural and vice-versa.

1.  "Action" means this lawsuit, *Madeleine Yates,* on behalf of herself and all others similarly situated, *vs. Checkers Drive-In Restaurants, Inc. and Vibes Media, LLC,* 1:17-cv-09219 (N.D. Ill.).

2.  "Defendants" mean Checkers and/or Vibes and all their entities, subsidiaries, affiliates, agents, independent contractors, and vendors, including their predecessor and successor entities and related entities, that participated in sending the texts to the cellular telephone numbers of Settlement Class Members or in any other act or omission alleged in the Complaint to have been wrongful.

3.  "Attorney's Fees and Costs" means all fees and costs to be awarded to Class Counsel pursuant to the settlement of this Action to compensate them for all attorney's fees and costs incurred by Plaintiff or Class Counsel in connection with the Action.

4.  "Merchandise Voucher" means the two $5.00 vouchers to be paid by Defendants and sent to those Settlement Class Members who submit a Valid Claim Form pursuant to Article III, section 1(a) below.

5.  "Claim Form" means the form by which members of the Settlement Class may submit a claim and which may entitle such persons to receive a Merchandise Voucher. The

Claim Form will be in the form of and contain text substantially the same as Exhibit 1 (and/or as ultimately approved by the Court) to this Settlement Agreement.

6.      "Class" means the "Settlement Class," as defined below.

7.      "Class Counsel" means Roberto Luis Costales, Jonathan M. Kirkland, William H. Beaumont, Beaumont Costales, LLC, 107 W. Van Buren, Suite 209, Chicago, Illinois 60605.

8.      "Class Member" means a member of the Settlement Class.

9.      "Class Period" means the period from December 21, 2013, to March 8, 2019, when Checkers suspended the opt-in texting promotional programs.

10.      "Counsel for the Defendants" or "Defendants' Counsel" means the law firms of Hunton Andrews Kurth LLP and Hawkins Parnell & Young, LLP for Checkers and Harris, Wiltshire & Grannis LLP and Marcus & Berk Chartered for Vibes.

11.      "Court" means the United States District Court for the Northern District of Illinois.

12.      "Effective Date" means the first business day after the Court has entered a Final Approval Order and Judgment, in substantially the same form as Exhibits 2 and 6, respectively, and the Final Approval Order and Judgment have become Final.

13.      "Final" means that the Final Approval Order and Judgment have been entered on the docket in the Action and (a) the time to appeal from such order and judgment has expired and no appeal has been timely filed or (b) if an appeal from such order and judgment has been filed, it has finally been resolved and has resulted in an affirmance of the Final Approval Order and Judgment and the time for further appeals has expired or (c) the Court, following the resolution of any appeal from the Final Approval Order or Judgment, enters a further order or orders

approving settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s) and the time for further appeals has expired.

14. "Final Approval Hearing" means the hearing at which the Court shall be asked to determine whether to grant final approval to this Settlement Agreement, consider any timely objections to this Settlement Agreement, authorize the entry of a final judgment, and dismiss the Action with prejudice.

15. "Final Approval Order" means the order, substantially in the form of Exhibit 2 attached hereto, in which the Court certifies the Settlement Class, grants final approval of this Settlement Agreement, authorizes the entry of a final judgment, and dismisses the Action with prejudice.

16. "Incentive Award" means the payment to be made to the Named Plaintiff pursuant to Article VI, section 2(a-c) of this Settlement Agreement.

17. "Judgment" means the judgment, substantially in the form of Exhibit 6 attached hereto, in which the Court enters final judgment and dismisses the Action with prejudice.

18. "Named Plaintiff" means Madeleine Yates.

19. "Notice" means written notice, substantially in the form of Exhibits 3 and 4 hereto, provided to Settlement Class Members pursuant to Article IV, section 3 of this Settlement Agreement.

20. "Parties" means the named parties and the Settlement Class.

21. "Preliminary Approval Order" means the order, substantially in the form of Exhibit 5 attached hereto and described in Article IV, section 2 below, in which the Court, inter

DocuSign Envelope ID: 98F0605B-877D-40F2-9AF3-E25EF051A024

alia, preliminarily certifies the Settlement Class, grants its preliminary approval to this Settlement Agreement and authorizes dissemination of Notice to the Settlement Class.

22. "Release" means the releases set forth in Article V of this Settlement Agreement.

23. "Released Claims" means the claims subject to the Release in Article V, section 1(c).

24. "Released Persons" shall mean Checkers and Vibes, as that term is defined in Article II, section 2 above, and their parents, subsidiaries, affiliates, officers, directors, employees, attorneys, members, shareholders, agents, independent contractors, vendors, insurers, and assigns.

25. "Settlement Administration Costs" means any and all costs incurred in administering the Settlement, to be paid exclusively by Defendants, including but not limited to, the costs of disseminating all Notice and Claim Forms, administering and maintaining the Settlement Website, maintaining call center services, processing Claim Forms, and providing the Merchandise Voucher to Settlement Class Members who submit a Valid Claim Form, but specifically excluding the cost of the Merchandise Vouchers, payment of the Incentive Award, and payment of the Attorney's Fees and Costs.

26. "Settlement Administrator" means JND Legal Administration, an experienced third-party entity in the business of class action settlement administration.

27. "Settlement Agreement" or "Settlement" or "Settlement Agreement and Release" or "Agreement" each mean this settlement agreement and release, including the attached exhibits.

28. "Settlement Class" means all individuals within the United States who were sent a Checkers or Rally's-branded promotional text message by or on behalf of Defendants. The Settlement Class excludes the following: (1) the trial judge presiding over this Action; (2) Defendants, as well as any parent, subsidiary, affiliate, or control person of Defendants, and the officers, directors, agents, servants, or employees of Defendants; (3) any of the Released Persons; (4) any Successful Opt-Outs; (5) Class Counsel, their employees, and their immediate family; and (6) members of the settlement class approved in *Medgebow v. Checkers Drive-In Restaurants, Inc.,* No. 9:19-cv-80090 (S.D. Fla.) on September 18, 2019.

29. "Settlement Class Member" means all members of the Settlement Class who have not timely and properly opted out of the Settlement Class as provided for in Article IV, section 4 below.

30. "Settlement Class Representative" means the Named Plaintiff.

31. "Settlement Website" means the Internet site to be administered and maintained by the Settlement Administrator concerning the Settlement.

32. "Successful Opt-Out" means a person who, pursuant to Article IV, section 4 of this Settlement and Fed. R. Civ. P. 23, timely and validly exercises his or her right to be excluded from the Settlement Class, but shall not include (a) persons whose communication is not treated as a request for exclusion pursuant to Article IV, section 4 and (b) persons whose requests for exclusion are not valid or are otherwise void pursuant to Article IV, section 4. The parties agree that the claims of any Successful Opt-Outs will not be dismissed with prejudice as part of this Settlement.

33. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

34.    "Valid Claim Form" shall mean a Claim Form that:

a)    is filled out by the Class Member or a person authorized by law to act on behalf of the Class Member;

b)    contains the address and cellular telephone number of the Class Member;

c)    is executed and certified by the Class Member for whom the Claim Form is being submitted (or by his, her or their legal representative);

d)    is timely, as judged by the fact that it is postmarked (if mailed to the Settlement Administrator) or time-stamped (if submitted to the Settlement Administrator via the Settlement Website) by the deadline set by the Court; and

e)    is not successfully challenged. A Claim Form shall be treated as successfully challenged under the standards set forth in Article III, section 2 below.

35.    All references to days shall be interpreted to mean calendar days, unless otherwise noted.  When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

36.    All references to "his," "her," and similar terms are intended to be gender-neutral, and apply equally to persons who are businesses, organizations, or other non-natural persons.

37.    Other terms are defined in the text of this Agreement and shall have the meaning given to those terms in the text. It is the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Agreement, unless otherwise specified.

DocuSign Envelope ID: 98F0595B-877D-4951-9AF3-E2EFF951A1024

## ARTICLE III – SETTLEMENT CONSIDERATION AND CLAIMS PROCEDURE

In consideration of a full, complete and final settlement of the Action, dismissal of the Action with prejudice, and the releases set forth in Article V below, and subject to the Court's approval, the Parties agree to the following relief.

1. **Relief to Settlement Class Members**

   a. Subject to the terms and conditions of this Agreement, if a Settlement Class Member submits a Valid Claim Form, he or she shall receive a Merchandise Voucher in the form of two $5.00 vouchers (totaling $10.00). The Merchandise Voucher shall:

   1. Be transferable, but each Merchandise Voucher may only be used once and is not redeemable for cash at Checkers or Rally's;

   2. Be used alone or combined into a single transaction; and

   3. Not expire for at least one (1) year.

   b. Defendants further agree that the database of cellular phone numbers utilized to send text messages to the Settlement Class will not be used for future text messaging programs. The Parties shall request the Court to include the following language in the Final Approval Order and Judgement: "Defendants shall be enjoined from using the database of cellular phone numbers utilized to send text messages to the Settlement Class for future text messaging programs."

2. **Disputed Claims**

   a. The Settlement Administrator shall be responsible for receiving and keeping safe and secure all Claim Forms and for administering the Settlement. The Settlement

DocuSign Envelope ID: A8F0595B-877D-4951-9AF3-F2FF951A1094

Administrator shall examine each Claim Form and determine if the Claim Form constitutes a Valid Claim Form eligible to receive the Merchandise Voucher described above.

        b.      The Settlement Administrator shall identify any persons who submit Claim Forms that are incomplete and advise those persons in writing of the deficiencies in their Claim Forms, providing them with 30 days in which to cure any such deficiencies. In the event a person fails to cure the identified deficiencies within the 30-day period, the Settlement Administrator shall provide his or her contact information and the deficient Claim Form to Class Counsel and counsel for Defendants. Class Counsel may call and follow up with the person. The period to cure will be closed fifteen (15) business days after Class Counsel receives a listing of any deficient Claim Forms.

        c.      Within fifteen (15) business days of the end of the period to cure deficient Claim Forms described in Article III, section 2(b) above, Plaintiff or Class Counsel may challenge any claims determined to be invalid by the Settlement Administrator as meeting the definition of a Valid Claim Form by any form of written notice to the Settlement Administrator and Defendants ("Disputed Invalid Claims"). Such notice of Disputed Invalid Claims shall void a determination of an invalid claim unless Defendants dispute the challenge in good faith, and in writing, to Class Counsel within fifteen (15) business days of receipt of the Disputed Invalid Claim (or within such additional time as the Parties may agree or the Court may permit).

        d.      Any Disputed Invalid Claims that cannot be resolved by the Parties shall be submitted to the Court for resolution.

        e.      Any Disputed Invalid Claims that are not challenged by Defendants will be deemed Valid Claim Forms for purposes of the Settlement.

f.      Any Disputed Invalid Claims challenged by Defendants and determined to be valid by the Court pursuant to section 2(d) above will be deemed Valid Claim Forms for purposes of the Settlement.

**3.      Payment of Benefits**

a.      Subject to the terms and conditions of the Agreement, after the Effective Date and within sixty (60) days of resolution of all Disputed Invalid Claims, the Settlement Administrator shall email or otherwise electronically provide the Merchandise Vouchers to each Settlement Class Member who has returned or submitted a Valid Claim Form.

## ARTICLE IV – SETTLEMENT PROCEDURES

**1.      Class Certification**

a.      For settlement purposes only, Defendants conditionally agree and consent to certification of the Settlement Class.  Defendants' conditional agreement is contingent on (i) the Parties' execution of this Settlement Agreement, (ii) the Court's entry of the Final Approval Order, and (iii) the Final Approval Order becoming Final.  If this Settlement Agreement, for any reason, does not become Final, or if the Settlement Agreement is otherwise terminated or not approved, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or used for any purpose whatsoever, and the negotiation, terms, and entry of this Settlement Agreement shall remain inadmissible under the Federal Rules of Civil Procedure, Federal Rule of Evidence 408, and any applicable state law or rule of civil procedure or evidence.

b.      For purposes of this Settlement Agreement and the proceedings and certification contemplated herein, the Parties stipulate and agree that Named Plaintiff, Madeleine

Yates, shall be appointed the Settlement Class Representative for the Settlement Class and her counsel from the law firm of Beaumont Costales LLC shall be appointed Class Counsel. Defendants agree not to oppose any motion of Beaumont Costales LLC, to be appointed as Class Counsel.

c.     The certification of a class for settlement purposes is (a) made without prejudice of the rights of Defendants to oppose class certification and/or to contest issues of liability, in this Action or any other action, should this Settlement Agreement be terminated or the Effective Date not occur for any reason, (b) is not to be construed as an admission that the Settlement Class or any other class could be appropriately certified for purposes of litigation, and (c) cannot be used in this or any other litigation except for purposes of effectuating this Settlement.

### 2.     **Preliminary Approval**

a.     As soon as practical after the execution of this Settlement Agreement, the Parties shall jointly move the Court for a Preliminary Approval Order substantially in the form of Exhibit 5 hereto. Defendants agree to support the entry of the Preliminary Approval Order, substantially in the form of Exhibit 5 hereto, but said agreement shall not be an admission by Defendants that a class and/or relief was appropriate in the Action or would be appropriate in any other matter.

b.     Such Preliminary Approval Order shall, *inter alia*:

i.     preliminarily approve the Settlement as fair, reasonable, and adequate, including the material terms of this Settlement Agreement;

13

ii.  provisionally approve the Settlement Class for settlement purposes only;

iii.  approve the proposed Notice and Claim Form in forms substantially similar to those attached hereto as Exhibits 1, 3 and 4, and authorize their dissemination to the Settlement Class;

iv.  approve the requirement that Settlement Class Members submit a Valid Claim Form in order to obtain the Merchandise Vouchers;

v.  set deadlines consistent with this Agreement for the provision of the Notice and Claim Form, the submission of Claim Forms, the filing of objections, statements or other submissions by any person concerning the Settlement, the submissions of requests for exclusion from the Settlement Class, and the filing of papers in connection with the Final Approval Hearing;

vi.  conditionally designate Named Plaintiff as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class;

vii.  approve the Settlement Administrator; and

viii.  set a date for a Final Approval Hearing.

**3.**  **Class Notice and Claim Form**

a.  Settlement Administration Costs shall be paid exclusively by Defendants. The parties have agreed on JND Legal Administration as the Settlement Administrator.

b.      In the event of the entry of a Preliminary Approval Order, the Parties and the Settlement Administrator shall prepare the list of Class Members to receive the Notice ("Class Member List").  To prepare the Class Member List, Defendants shall, within ten days of the entry of the Preliminary Approval Order, provide the Settlement Administrator with a list of the unique cellular telephone numbers of the Class Members, as they exist in Defendants' records.  The Settlement Administrator shall perform a reverse look-up (and other investigations deemed appropriate by the Settlement Administrator) of those telephone numbers to identify the current email address for the owner of the number.

c.      Within forty (40) days following entry of the Preliminary Approval Order, the Settlement Administrator shall email the Notice, together with the Claim Form, to each Class Member for whom an email address has been obtained through the process described in Article IV, section 3(b) above.

d.      If any Notice sent via email under Article IV, section 3(c) above is returned as undeliverable, then the Settlement Administrator shall perform a reverse look-up (and other investigations deemed appropriate by the Settlement Administrator) and mail the Notice to the current mailing address for the owner of the number.  Other than as set forth in this section, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail Notices.

e.      The email notice will consist of the long-form Notice (substantially in the form of Exhibit 4), and mailed notice will consist of the short-form Notice (substantially in the form of Exhibit 3).  The Settlement Administrator shall have discretion to format this Notice in a reasonable manner to minimize mailing and administrative costs.  Before Notice is commenced,

15

Class Counsel and Counsel for Defendants shall first be provided with a proof copy (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with the Settlement Agreement and with the Court's orders.

       f.     After entry of the Preliminary Approval Order and prior to the date of the mailing of the Notice, the Settlement Administrator shall cause the Complaint, long-form Notice (substantially in the form of Exhibit 4), Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be made available on a dedicated Settlement Website to be administered by the Settlement Administrator. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance, which approval shall not be unreasonably withheld, by Class Counsel and Defendant's Counsel. These documents will remain on the Settlement Website at least until entry of the Final Approval Order.

       g.     Claim Forms shall be returned or submitted to the Settlement Administrator via submission on the Settlement Website or via U.S. Mail by the deadline set by the Court or be forever barred. The Parties will recommend that the deadline for the return or submission of Claim Forms to the Settlement Administrator should be thirty (30) days before the date of the Final Approval Hearing Date set by the Court.

    **4.**    **Right and Effect of Members of the Class to Opt-Out**

       a.     Each member of the Settlement Class shall have the right to opt-out and not participate in the Settlement Agreement, as provided for in the Preliminary Approval Order.

       b.     The Notice shall inform each Class Member of his or her right to request exclusion from the Settlement Class and not to be bound by this Agreement, if, within such time as is ordered by the Court ("Opt-Out Period"), the Class Member personally completes and mails

16

a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Notice.

c.       For a Class Member's Opt-Out request to be valid and treated as a Successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain the cellular telephone number as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action; and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. The Settlement Administrator shall promptly inform Defendants and Class Counsel of any Successful Opt-Outs.

d.       Members of the Settlement Class who opt-out in a timely and valid manner shall receive no benefit or compensation under this Settlement Agreement and shall have no right to object to the proposed Settlement Agreement or attend the Final Approval Hearing.

e.       A request for exclusion that does not comply with all of the foregoing, or that is not timely submitted or postmarked or that is sent to an address other than that set forth in the notice, shall be invalid and the person serving such request shall be treated as a Settlement Class Member and be bound by this Settlement Agreement and the Release contained herein.

f.       No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) to opt-out more than one Class Member on a single paper, or as

DocuSign Envelope ID: 98F0595B-877D-4951-9AF3-52FF051A1024

an agent or representative.  Any such purported opt-outs shall be void and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Settlement Class Member.

g.      Prior to the Final Approval Hearing, Class Counsel, Counsel for the Defendants and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and submit it to the Court.  If any communication from a Class Member is unclear about whether it constitutes an Opt-Out, or the Parties disagree about whether the communication constitutes an Opt-Out, the Parties shall submit the communication to the Court for final resolution.

## 5.      **Inquiries from Settlement Class Members**

It shall be the responsibility of the Settlement Administrator to respond to all inquiries from members of the Settlement Class with respect to this Settlement except to the extent inquiries are directed to Class Counsel.  Class Counsel and Counsel for Defendants must both approve any FAQs or other materials the Settlement Administrator may use to answer inquiries from members of the Settlement Class and shall confer and assist the Settlement Administrator as it requests.  All such FAQs and other communications to Settlement Class Members shall be consistent with the Settlement Agreement.

## 6.      **Objections to the Settlement**

a.      Any Settlement Class Member who wishes to object to the proposed Settlement must mail or hand-deliver written objections to the Settlement ("Objections") to the Settlement Administrator, at the address set forth in the Notice, and mail or hand-deliver the Objections simultaneously to the Court.  Objections may be filed by counsel for a Settlement Class Member.

DocuSign Envelope ID: 08F0595B-877D-4953-8AF3-F2FF951A1024

b.      To be valid, each Objection must: (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member that brings him or her within the scope of the Settlement Class; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

c.      The Parties will recommend that all Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to the Settlement Administrator no less than thirty (30) days before the Final Approval Hearing. The deadline for filing objections shall be included in the Notice. An objector is not required to attend the Final Approval Hearing.

d.      Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Notice and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

7.      **Final Approval Hearing**

a.      The Parties will recommend that the Final Approval Hearing be scheduled for a date at least ninety (90) days after the last date required under Article IV, section 3(c) above for the mailing of the Notice and Claim Form.

19

DocuSign Envelope ID: 98F0595B-877D-4951-9AF3-F2FF951A1094

b. The Parties will file with the Court their briefs in support of final approval, attorney's fees and costs, and incentive award, including responses to any objections, no later than fourteen (14) days before the Final Approval Hearing.

c. Any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must, within the time set by the Court, mail or hand-deliver to the Court a notice of appearance in the Action, take all other actions or make any additional submissions as may be required in the Notice or as otherwise ordered by the Court, and mail that notice and any other such pleadings to Class Counsel and Counsel for the Defendant as provided in the Notice.  Unless so permitted by the Federal Rules of Civil Procedure or the Local Rules of the presiding Court, no Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection, but failed to do so.  Any Settlement Class Member who fails to comply with this Agreement, the Notice, and any other order by the Court shall be barred from appearing at the Final Approval Hearing.

d. The Parties shall ask the Court to enter a Final Approval Order and Judgment in substantially the same form as Exhibits 2 and 6, respectively.  Defendants' request for entry of the Final Approval Order and Judgment shall not be an admission or concession by Defendants that a class and/or relief was appropriate in the Action or would be appropriate in any other matter.

e. If and when the Settlement becomes Final, the Action shall be dismissed with prejudice, with the Parties to bear their own costs and attorney's fees not otherwise awarded in accordance with this Agreement.

f.      Defendants shall provide, or cause the Settlement Administrator to provide on Defendants' behalf, notice of the Settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1715.  No later than fourteen (14) days before the Final Approval Hearing, Defendants shall file or cause the Settlement Administrator to file with the Court a certification that it complied with the CAFA notice requirements and stating the date of such compliance.

**8.      Litigation Stay**

Except as necessary to secure approval of this Settlement Agreement or as otherwise provided herein, the Parties shall take no further litigation steps in this Court.  In the event the Settlement Agreement is not approved or is terminated according to its terms, either Party may ask the Court to lift the stay.

**9.      Disapproval, Cancellation, Termination or Nullification of Settlement**

a.      Each Party shall have the right to terminate this Settlement Agreement if: (i) the Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that is not substantially similar in form and substance to Exhibit 5 hereto); (ii) the Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs in substance from Exhibit 2 hereto); or (iii) the Final Approval Order and Judgment does not become Final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the Settlement on the terms set forth herein.  If a Party elects to terminate this Settlement Agreement under this paragraph, that Party must provide written notice to the other

21

Parties' counsel, by hand delivery, mail, or e-mail within ten days of the occurrence of the condition permitting termination.

  b. Defendants may unilaterally terminate this Settlement Agreement if more than 1.5% of Settlement Class Members submit valid opt outs. If Defendants elect to terminate this Settlement under this paragraph, Defendants must provide written notice to Class Counsel, by hand delivery, mail, or e-mail within ten days of the occurrence of the condition permitting termination.

  c. Nothing shall prevent Named Plaintiff and/or Defendants from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of Final Approval of the Settlement. In the event such appellate proceedings result, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order.

  d. This Agreement is conditioned on Final Approval without material modification by the Court. If this Settlement Agreement is terminated or not so approved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement and all orders entered in connection therewith shall be rendered null and void; and (ii) all Parties shall be deemed to have reverted to their respective status in the Action as of the date and time immediately preceding the execution of this Settlement Agreement and, except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects

DocuSign Envelope ID: 98F0595B-877D-4951-9AF3-E2EFF951A1024

as if this Settlement Agreement and any related orders had never been executed, entered into, or filed, except that the Parties shall not seek to recover from one another any costs and attorney's fees incurred in connection with this Settlement.

**ARTICLE V – RELEASE**

1.        **Releases; Binding and Exclusive Nature of Settlement Agreement**

a.        In connection with the Settlement, both the Final Approval Order and Judgment shall provide that the Action be dismissed with prejudice as to the Named Plaintiff and all Settlement Class Members.

b.        On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder.  No other action, demand, suit, arbitration or other claim may be pursued against Defendants or the related entities released herein with respect to the Released Claims.

c.        On the Effective Date and in consideration of the promises and covenants set forth in this Agreement, (i) Named Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other

23

employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities under any legal or equitable theory, including (i) those known or unknown or capable of being known, and (ii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today that arise out of or relate to any text message(s) sent to Settlement Class Members by or on behalf of Defendants during the Class Period. This Release shall be included as part of any judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

       d.    Upon the Effective Date, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, and each of his, her, or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees, and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge Defendants and the Released Parties from any and all right, lien, title, or interest in any attorney's fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided herein.

       e.    With respect to all Released Claims, Plaintiff and each of the other Settlement Class Members who have not validly opted out of this Settlement agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

DocuSign Envelope ID: 08F0595B-877D-4951-8AF3-E2EFB514A024

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR OR RELEASING PARTY DOES NOT
> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR.

and (b) any law of any state or territory of the United States, federal law or principle of common

law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542

of the California Civil Code.

## ARTICLE VI – ATTORNEY'S FEES AND INCENTIVE AWARD

1. **Attorney's Fees and Costs**

   a.  As part of this Settlement Agreement, Defendants agree to pay Class

Counsel up to three hundred and fifty-four thousand dollars ($354,000.00) as Attorney's Fees

and Costs incurred in the prosecution of the Action, if so awarded by the Court.  No later than

fourteen (14) days before the deadline for members of the Settlement Class to object to or opt-

out of the Settlement, Class Counsel shall seek Court approval for an award of Attorney's Fees

and Costs incurred in the prosecution of the Action not to exceed, in the aggregate, three hundred

and fifty-four thousand dollars ($354,000.00).  The Court (and only the Court) shall determine

the final amount of the Attorney's Fees and Costs, if any, in this Action.

   b.  In the event the Attorney's Fees and Costs finally approved by the Court is

less than the amount applied for, no other relief may be sought from the Court under this

Agreement, so as to increase the award of Attorney's Fees and Costs or otherwise make up some

or all of the shortfall.

DocuSign Envelope ID: A8F0595B-877D-4953-9AF3-F2FF954A1094

c.      Subject to the terms and conditions of this Agreement, within thirty (30) days after the Effective Date, and only in the event that the Court has made an award of Attorney's Fees and Costs to Class Counsel, Defendants shall distribute the amount of any Attorney's Fees and Costs awarded to Class Counsel.  Said distribution shall be made via wire as directed by Class Counsel.  Except as provided for in this Article, the Parties shall bear their own attorney's fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action.

2.      **Payment to Named Plaintiff**

a.      As part of this Settlement Agreement, Defendants agree to pay Named Plaintiff an Incentive Award of up to $7,000.00 (in addition to any Merchandise Vouchers she received as a Settlement Class Member) for her efforts on behalf of the class, if so awarded by the Court.  No later than fourteen (14) days before the deadline for members of the Settlement Class to object to or opt-out of the Settlement, Named Plaintiff shall seek Court approval for an Incentive Award of up to $7,000.00 (in addition to any Merchandise Vouchers she received as a Settlement Class Member) for her efforts on behalf of the class.  The Parties agree that the Court (and only the Court) shall determine the final amount, if any, of the Incentive Award in this Action.

b.      In the event the Incentive Award finally approved by the Court is less than the amount applied for, no other relief may be sought from the Court under this Agreement, so as to increase the Award or make up some or all of the shortfall.

c.      Subject to the terms and conditions of this Agreement, within thirty (30) days after the Effective Date, and only in the event that the Court has approved an Incentive

Award to the Named Plaintiff, Defendants shall distribute the amount of any Incentive Award. Said distribution shall be made out as directed by Class Counsel.

### 3. Effect on Settlement

The Parties agree that the rulings of the Court regarding the amount of Attorney's Fees and Costs and Incentive Awards, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as provided for in this Settlement. Any order or proceedings relating to the amount of Attorney's Fees and Costs or the Incentive Award, including any appeals from or modifications or reversals of any orders related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement Agreement, affect the releases provided for in the Settlement Agreement, or affect whether the Final Approval Order and Judgment becomes Final as defined herein. An award of attorneys' fees that is less than the amount requested shall not be deemed a material alteration to the Settlement Agreement and shall not be grounds for termination of the Settlement Agreement.

### ARTICLE VII – LIMITATIONS ON USE OF SETTLEMENT AGREEMENT

### 1. No Admission

Neither the acceptance by Defendants of the terms of this Settlement Agreement nor any of the related negotiations or proceedings constitutes an admission with respect to the merits of the claims alleged in the Action or in any other action, the validity or certifiability for litigation of any claims that are or could have been asserted by any of the Class Members or other persons in the Action or in any other action, or the liability of Defendants in the Action or in any other action. Defendants specifically deny any liability or wrongdoing of any kind associated with the claims alleged in the Action.

DocuSign Envelope ID: 98F0595B-877D-4951-9AF3-F2FF951A1094

2.     **Limitations on Use**

This Settlement Agreement shall not be used, offered or received into evidence in the Action, or any other action or proceeding, for any purpose other than to enforce, to protect, to construe or to finalize the terms of the Settlement Agreement and/or to obtain the preliminary and final approval by the Court of the terms of the Settlement Agreement, without a court order; provided, however, the Settlement Agreement may be introduced and pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Settlement Agreement.

3.     **No Press Release**

Neither Party shall issue any press release or shall otherwise initiate press coverage of the Settlement until six months after entry of the Final Approval Order; provided however, that any such press releases or press coverage is subject to the restrictions of the Agreed Confidentiality Order [DE-86] and must be limited to only public information, with no disclosure of information that was disclosed or discussed as part of privileged and/or confidential settlement communications. If contacted, the Party may respond generally by stating that they are happy that the Settlement was reached and that it was a fair and reasonable result.

## ARTICLE VIII – MISCELLANEOUS PROVISIONS

1.     **Claims Against Settlement Benefits**

In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against the Merchandise Voucher made to a Settlement Class

Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party.

**2.      Counterparts**

This Settlement Agreement and any amendments hereto may be executed in one or more counterparts, and either Party may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument.  A facsimile or PDF signature shall be deemed an original for all purposes.

**3.      Integration Clause**

This Settlement Agreement, including the Exhibits referred to herein, which form an integral part hereof, contains the entire understanding of the Parties with respect to the subject matter contained herein.   There are no promises, representations, warranties, covenants or undertakings governing the subject matter of this Settlement Agreement other than those expressly set forth in this Settlement Agreement.  This Settlement Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of the Action.  This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and their counsel and approved by the Court, and may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

**4.      Execution of Documents**

The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement.  The execution of documents must take place prior to the date scheduled for hearing on preliminary approval of this Settlement Agreement.

DocuSign Envelope ID: 98F0595B-877D-4954-9AF3-E2FF951A1024

5. **Independent Judgment and Advice of Counsel**

Each party to this Settlement Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Settlement Agreement. The Parties acknowledge, agree, and specifically warrant to each other that they have read this Settlement Agreement, have received legal advice with respect to the advisability of entering into this Settlement, and fully understand its legal effect.

6. **Governing Law**

The Settlement Agreement shall be construed, enforced, and administered in accordance with the laws of the State of Illinois.

7. **Jurisdiction**

The Court shall retain jurisdiction, after entry of the Final Approval Order and Judgment, with respect to enforcement of the terms of this Settlement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement and any dispute with respect thereto.

8. **Exhibits**

The exhibits to this Settlement Agreement are an integral and material part of this Settlement Agreement and are hereby incorporated and made a part of this Settlement Agreement.

DocuSign Envelope ID: 98F0595B-877D-4951-9AF3-52FEF951A1024

9.     **No Assignments: Binding on Assigns**

Each Party represents, covenants, and warrants that he, she, or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that he or she herein releases. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, successors, and assigns.

10.     **Terms and Conditions Not Superseded**

Nothing in this Settlement Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course to the relationship between Checkers and its customers, or to the services provided by Checkers and purchased by its customers, except as expressly set forth herein.

11.     **Waiver of Compliance**

Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived in writing, to the extent permitted under applicable law, by the Party or Parties entitled to the benefit of such obligation, covenant, agreement, or condition. A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to any subsequent or other failure.

12.     **No Collateral Attack**

This Settlement Agreement shall not be subject to collateral attack by any Settlement Class Members or their representatives any time on or after the Effective Date. Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Class Member's claim

31

should have been heard or decided by another court or in another suit, that a Class Member's claim was improperly denied, that the payment to a Class Member was improperly calculated, and/or that a Class Member failed to receive timely notice of the Settlement.

### 13. <u>Authorization</u>

The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to the terms and conditions hereof.

### 14. <u>No Tax Withholding or Advice</u>

Settlement Class Members shall be solely responsible for reporting and payment of any federal, state, and/or local income or other tax or any withholding, if any, on any of the benefits conveyed pursuant to this Settlement Agreement. Class Counsel and Defendants make no representations, and have made no representations, as to the taxability of the relief to Named Plaintiff and the other Settlement Class Members. Settlement Class Members, just like Class Counsel, the Settlement Class Representative, and Defendants, are responsible for seeking their own tax advice at their own expense.

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

**Plaintiff**:

Madeleine Yates                                    Dated: 1/13/2020
_____
Madeleine Yates


**Defendant Checkers**:

_____          Dated: _____
Vince Brockman
General Counsel

DocuSign Envelope ID: 08F0595B-877D-4951-9AF3-52FF951A1024

should have been heard or decided by another court or in another suit, that a Class Member's claim was improperly denied, that the payment to a Class Member was improperly calculated, and/or that a Class Member failed to receive timely notice of the Settlement.

### 13.    Authorization

The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to the terms and conditions hereof.

### 14.    No Tax Withholding or Advice

Settlement Class Members shall be solely responsible for reporting and payment of any federal, state, and/or local income or other tax or any withholding, if any, on any of the benefits conveyed pursuant to this Settlement Agreement.   Class Counsel and Defendants make no representations, and have made no representations, as to the taxability of the relief to Named Plaintiff and the other Settlement Class Members. Settlement Class Members, just like Class Counsel, the Settlement Class Representative, and Defendants, are responsible for seeking their own tax advice at their own expense.

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

**Plaintiff:**

_____          Dated: _____
Madeleine Yates


**Defendant Checkers:**

_____          Dated: __1/13/2020__
Vince Brockman
General Counsel

32

DocuSign Envelope ID: 98F0595B-877D-4951-9AF3-F2FF951A1024

**Defendant Vibes:**

Charley Cassell

CFO

Dated: January 14, 2020

REVIEWED AND APPROVED AS TO FORM AND RECOMMENDED AS TO SUBSTANCE:

**ATTORNEYS FOR PLAINTIFF:**

Will Beaumont

BEAUMONT COSTALES LLC

Dated: 1/14/2020

**ATTORNEYS FOR DEFENDANT CHECKERS**

HUNTON ANDREWS KURTH LLP

Dated: 1/14/2020

**ATTORNEYS FOR DEFENDANT VIBES**

HARRIS, WILTSHIRE & GRANNIS LLP

Dated: 1/14/2020

33