**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MADELEINE YATES, on behalf of herself and other persons similarly situated, ) ) ) *Plaintiff,* ) ) *v.* ) ) CHECKERS DRIVE-IN RESTAURANTS, ) INC. and VIBES MEDIA, LLC, ) ) *Defendants.* ) ) | Civil Action No. 1:17-cv-09219 |

**DECLARATION OF ROBERTO COSTALES**

Roberto Costales declares as follows:

1. I am one of the attorneys designated as Class Counsel under the Settlement Agreement and Release ("Settlement" or "Agreement") entered into Madeleine Yates ("Plaintiff") and Checkers Drive-In Restaurants, Inc., and Vibes Media, LLC ("Defendants"). I submit this declaration in support of Plaintiff's Motion for Final Approval of the Class Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so. Except where otherwise provided, all capitalized terms used herein have the meanings set forth in the Settlement Agreement filed concurrent with this declaration.

2. Class Counsel negotiated the Settlement of this matter with the benefit of targeted and comprehensive discovery. Class Counsel's due diligence included the review of thousands of pages of discovery documents, four all-day depositions, intensive legal research on a variety of issues attendant to this dispute, and the consultation of two liability experts.

3. As such, Class Counsel's analysis and understanding of the legal obstacles positioned them to evaluate the strengths and weaknesses of Plaintiff's claims and Defendants' defenses, as well as the range and amount of damages that were potentially recoverable.

4. Plaintiff and the Settlement Class faced numerous obstacles to recovery in this matter, including the very real risk of total loss on one or more liability issues.

5. Apart from the risks, continued litigation of this case would have involved substantial delay and expense, which further counsels in favor of Court approval of the settlement. The uncertainties and delays from this process would have been significant.

6. This Settlement provides an extremely fair and reasonable recovery to Settlement Class Members when considering Defendant's defenses, as well as the challenging, unpredictable path of litigation that Plaintiff would otherwise have continued to face in the trial and appellate courts.

7. Class Counsel strongly endorse the Settlement.

8. The Notice Program in this matter was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the terms of the Settlement, Class Counsel's Attorneys' Fee application and request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. Notably, every phone number on the class list was texted notice of this lawsuit. This is realistically the most comprehensive and efficacious notice possible under the circumstances.

9. The Settlement in this matter was the result of months of extensive and arms-length negotiations between the parties, culminating with Court-assisted mediation on October 2, 2019.

10. The Parties were represented by experienced counsel throughout the negotiations.

11. At mediation, the Parties discussed their competing views on various issues, including the relief to which the Settlement Class is potentially entitled and the prospects of class certification, and eventually began exchanging counterproposals on key aspects of the settlement. Under guidance of the Honorable Judge Sunil Harjani, the Parties reached an agreement on the principal terms of the Settlement.

12. Under the terms of the Settlement, Defendants agree to provide two $5-dollar vouchers to Settlement Class Members. Defendants also agree to that the database used to send text messages to the Settlement Class will not be used for future text messaging programs.

13. This Settlement is particularly noteworthy given the combined litigation risks, including the emergent Seventh Circuit case *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 468 (7th Cir. 2020).

14. Mr. Beaumont and I have been named lead class counsel in more than twenty other collective and class action cases, including but not limited to: *Goldschmidt v. Rack Room Shoes*, Inc., Case No. 18-CV-21220 (S.D. Fl. Jan. 15, 2020); *De La Rosa v. Collision Damage Experts Group, LLC*, Case No. 17-CH-14760 (Cir. Ct. Cook County 2020); *Maldonado v. New Orleans Millworks, LLC*, Case No. 17-CV-1015 (E.D. La. Mar. 14, 2018); *Nieto v. Pizzati Enterprises, Inc.*, Case No. 16-CV-5352, (E.D. La. Mar. 28, 2017); *Murillo v. Coryell Cnty. Tradesmen, LLC*, Case No. 15-CV-3641 (E.D. La. Sept. 21, 2016); *Calix v. Ashton Marine LLC*, Case No. 14-CV-2430 (E.D. La. March 25, 2015); *Esparza v. Kostmayer Construction*, Case No. 15-CV-4644 (E.D. La. July 1, 2016); *Leon v Diversified Concrete*, Case No. 15-CV-6301 (E.D. La. Oct. 26, 2016).

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2021

*/s/ Roberto Costales*