IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MADELEINE YATES, on behalf of herself and other persons similarly situated, )<br>)<br>) | |
| *Plaintiff*, )<br>) | |
| *v.* ) | Civil Action No. 1:17-cv-09219 |
| )<br>CHECKERS DRIVE-IN RESTAURANTS, )<br>INC. and VIBES MEDIA, LLC, )<br>) | |
| *Defendants*. )<br>) | |

### FINAL APPROVAL ORDER

**WHEREAS**, on January 17, 2020, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Doc. No. 129);

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, a Final Approval Hearing was held on April 14, 2021. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order. Class Members were notified of their right to appear at the Final

Approval Hearing in support of or in opposition to the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of an Incentive Award.

**NOW, THEREFORE,** the Court having reviewed the presentation of Class Counsel and counsel for Checkers Drive-In Restaurants, Inc. and Vibes Media, LLC ("Defendants"), having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Costs application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1. The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the Parties and the result of extensive arm's-length negotiations. In reaching this conclusion, the Court considered the five *Synfuel* factors, including: (1) the strength of the plaintiff's case compared to the defendant's settlement offer; (2) the complexity, length, and expense of continued litigation; (3) the amount of opposition to the settlement; (4) the opinion of experienced counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F. 3d 646, 653 (7th Cir. 2006).

4. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

5. The Court has considered the objection of Shamara Sawyer, (Dkt. 141), which the Court notes is the only objection to the Settlement. The Sawyer objection does not conform to Paragraph 20 of the Preliminary Approval Order as it does not identify any legal or factual basis for the objection. Instead, the objector merely states her belief that the amount of the settlement is "insufficient" and "insulting." The Court finds the Sawyer objection non-conforming and it is hereby overruled in all respects.

6. The Settlement Class, which will be bound by this Final Approval Order and Judgment hereon, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

7. The Court finds that one putative Settlement Class Member has timely elected to opt out of the Settlement and the Settlement Class, and who therefore is not bound by the Settlement and this Order and the Judgment to be entered hereon. This individual has been identified by the Claims Administrator as one Timeka Woods. All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, this Order and the Final Judgment to be entered hereon.

8. For purposes of the Settlement and this Final Approval Order, the Court hereby certifies the following Settlement Class:

> All individuals within the United States who were sent a Checkers or Rally's-branded promotional text message by or on behalf of Defendants from December 21, 2013, to March 8, 2019.

The Settlement Class excludes the following: (1) the trial judge presiding over this Action; (2)

Defendants, as well as any parent, subsidiary, affiliate, or control person of Defendants, and the officers, directors, agents, servants, or employees of Defendants; (3) any of the Released Persons; (4) any Successful Opt-Outs; (5) Class Counsel, their employees, and their immediate family; and (6) members of the settlement class approved in *Medgebow v. Checkers Drive-In Restaurants, Inc.,* No. 9:19-cv-80090 (S.D. Fla.) on September 18, 2019. The Court finds that putative Settlement Class Member Timeka Woods has timely and properly elected to opt out from the Settlement and the Settlement Class and is hereby excluded from same and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with a Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

9. For purposes of Settlement only, Plaintiff is certified as Class Representative of the Settlement Class and attorneys Roberto Costales and William Beaumont are appointed Class Counsel to the Settlement Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class with respect to the Settlement.

10. Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the

status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

11. The Court finds that the notice provided to Settlement Class Members was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

12. The Court finds that Defendants have fully complied with CAFA's notice requirements.

13. The Settlement Agreement is, in all respects, fair, reasonable and adequate, is in the best interests of the Settlement Class, and is therefore approved.

14. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15. Within the time period set forth in Article III, section 3 of the Settlement Agreement, the Merchandise Vouchers provided for in the Settlement Agreement shall be distributed to the Settlement Class Members who have submitted Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendants from all claims that were or could have been

asserted in the Action, as specified in Article V of the Settlement Agreement.

17. Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities under any legal or equitable theory, including (i) those known or unknown or capable of being known, and (ii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today that arise out of or relate to any text message(s) sent to Settlement Class Members by or on behalf of Defendants during the Class Period, including any related text message notice ordered by the Court.

18. Plaintiff and each Settlement Class Member are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a

6

result of or in addition to those provided by the Settlement Agreement. In addition, Plaintiff and each Settlement Class Member are hereby enjoined from asserting as a defense, including as a setoff or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

19. With respect to all Released Claims, Plaintiff and each of the other Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

20. The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the calls at issue in the Action.

21. The Court hereby grants Plaintiff's application for attorneys' fees and costs and approves payment of attorney's fees and costs to Class Counsel in the amount of $354,000. This amount shall be paid in accordance with the terms of the Settlement Agreement. The Court, having

considered the materials submitted by Class Counsel in support of their Application for Attorney's Fees and Costs, finds this award of attorney's fees and costs appropriate and reasonable.

22. The Court further approves the incentive award of $7,000.00 for the Class Representative and specifically finds such amount to be reasonable in light of the services performed by the Class Representative for the Settlement Class, including taking on the risks of litigation and helping achieve the compensation being made available to the Settlement Class. This amount shall be paid in accordance with the terms of the Settlement Agreement.

23. Defendants shall be enjoined from using the database of cellular phone numbers utilized to send text messages to the Settlement Class for future text messaging programs.

24. The Final Approval Order, the Judgment to be entered hereon, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, used as, or be deemed to be evidence of, an admission by or against Defendants of any fault, wrongdoing, or liability on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action. This Order, the Settlement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by Defendants or Settlement Class Members seeking to enforce the Settlement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, res judicata, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement's terms shall be forever

binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

25. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order, the parties shall bear their own costs and attorney's fees. Without affecting the finality of this Final Order in any way, the Court reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

**IT IS SO ORDERED.**

DATED this 14 day of April, 2021.

By _____
Sunil R. Harjani
U.S. Magistrate Judge